# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY, | CV F   02 6287 OWW SMS P |
| Plaintiff, | ORDER STRIKING PORTION OF SECOND AMENDED COMPLAINT ADDING NEW CLAIMS (Doc. 63.) |
| v. | |
| MACKIN, et. al., | FINDINGS AND RECOMMENDATIONS THAT THE ACTION BE DISMISSED FOR FAILING TO STATE A CLAIM FOR RELIEF |
| Defendants. | |

Johnney Ramey ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 5, 2002, Plaintiff filed an Amended Complaint.[1] (Doc. 3.)  On August 15, 2003, Defendants moved for Summary Judgment.  (Doc. 28.)  Plaintiff filed a Second Amended Complaint on December 2, 2003.

On January 20, 2004, the Court issued Findings and Recommendations to grant the

---

[1] This action was removed from state court and received by this Court on October 21, 2002.  (Doc. 1)

1

1 Motion for Summary Judgment in part. The Court also recommended that Plaintiff be given
2 leave to amend the complaint to cure the deficiencies of those claims not dismissed on summary
3 judgment. (Doc. 28.)
4       On January 20, 2004, the Court issued an Order striking the Second Amended Complaint
5 from the record. (Doc. 50.) Plaintiff filed the Second Amended Complaint for which leave was
6 granted on April 30, 2004. (Doc. 63.)
7 **A. SCREENING REQUIREMENT**
8       The court is required to screen complaints brought by prisoners seeking relief against a
9 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
10 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
13 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
14 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
15 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
16       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
17 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
18 support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
19 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
20 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
21 complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25 **B. SUMMARY OF CLAIMS**
26       ***1. Background of Claims for Relief***
27       As noted above, the Court issued Findings and Recommendations granting the Motion for
28 Summary Judgment in part. In those Findings, the Court concluded that the First Amended

Complaint also failed to state a claim for relief against Defendant Clark for retaliation, Defendant Diaz for Cruel and Unusual Punishment and Defendant Does 1 through 8. Specifically, Plaintiff failed to link Defendant Clark to any alleged retaliation. With regard to Defendant Diaz, Plaintiff did not sufficiently state facts showing an extreme deprivation giving rise to an Eighth Amendment violation. In addition, Plaintiff stated no facts whatsoever linking Defendant Does 1 through 8 to any allegation. The Court specifically informed Plaintiff that because the case has been pending for a lengthy period of time, any attempt by Plaintiff to include claims and/or defendants beyond those for which he was granted leave to amend would result in an Order striking those claims from the record. (Doc. 48:25.)

### *2. Claims for Relief in the Second Amended Complaint*

Before the Court is Plaintiff's Second Amended Complaint filed on April 30, 2004. The Court has reviewed the Complaint and finds that Plaintiff again fails to state a claim for relief against Defendant Clark for retaliation and Defendant Diaz for Cruel and Unusual Punishment.[2]

Despite Plaintiff's efforts, his claims for relief against both of these Defendants remain unchanged. As in the First Amended Complaint, Plaintiff alleges that he was relocated after Defendant Clark was served with a civil rights complaint in a separate case. However, Plaintiff again fails to link Defendant Clark to the relocation. Plaintiff merely states that he was relocated and that it happened sometime after Defendant Clark was served in a separate federal civil rights action. These facts, however, are insufficient to state a cognizable claim against Defendant Clark for retaliation.

Plaintiff attempts to raise a new retaliation claim against Defendant Diaz not previously raised. Plaintiff states that because of Defendant Diaz cruel and unusual punishment, Plaintiff filed a grievance against him and then, Defendant Diaz began to bang more in retaliation for the grievance. Plaintiff's attempts to raise a new claim of retaliation will be stricken from the record. As noted above, Plaintiff is precluded from raising new claims for which he was not granted leave to amend. Here, Plaintiff was given leave to amend his cruel and unusual punishment

---

[2] Plaintiff omitted Defendant Does 1 through 8 from the Second Amended Complaint.

claim against Defendant Diaz for banging on his cell doors. Accordingly, Plaintiff's retaliation allegation based on the banging of the doors will be STRICKEN from the record.

Plaintiff's allegation against Defendant Diaz with regard to cruel and unusual punishment remains unchanged. Plaintiff again alleges that Defendant Diaz harassed him in violation of the Eighth Amendment's cruel and unusual punishment clause by banging on his cell doors numerous times. Plaintiff was previously informed that his allegations of door-banging were insufficient to demonstrate an extreme deprivation in violation of the Eighth Amendment. As noted in this Court's previous order, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). As in the prior case, Plaintiff's allegations do not constitute an extreme deprivation. Accordingly, Plaintiff also fails to state an Eighth Amendment claim against Defendant Diaz.

## C. ORDER

The Court HEREBY ORDERS:

1. That Plaintiff's allegation that Defendant Diaz retaliated against him be STRICKEN from the record and not considered by the Court as Plaintiff was not granted permission to raise new claims.

## D. RECOMMENDATION

As noted above, Plaintiff has previously been given leave to amend to cure the deficiencies of his retaliation claim against Defendant Clark and his cruel and unusual punishment claim against Defendant Diaz. The Court has reviewed the Second Amended Complaint and finds that the Complaint makes the same factual allegations as the First Amended Complaint despite being given notice of the deficiencies and leave to amend. The Court finds that the deficiencies outlined are not capable of being cured by amendment, and leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49

(9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  July 12, 2005**          /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE